IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 19 2004

CLERK

HEULON PERRIN, JR.,

    Plaintiff,

vs.                                                                             No. CIV- 04-0413 JB/LFG

GREYHOUND BUS LINES,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS AND DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Heulon Perrin, Jr. ("Perrin") seeks the Court's authorization allowing him to proceed with this litigation without the payment of costs or fees. The *in forma pauperis* statute, 28 U.S.C. §1915, authorizes a court to waive filing fees and various court cots. The statute's intent is to guarantee that "[n]o citizen shall be denied an opportunity to commence, prosecute or defend an action, civil or criminal, in any court of the United States solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948).

Perrin submitted an affidavit indicating that he is indigent. He is unemployed and receives a small disability pension of $760 per month. He neither owns real estate nor an automobile, has no stocks, bonds or savings, and contends that he has no other assets to use in the prosecution of this litigation. Based on Perrin's affidavit, the Court authorizes the filing of his Complaint without the payment of a filing fee. Because of the Court's disposition of this case, however, the Court does not authorize the service of process by the U.S. Marshal.

## *Sua Sponte* Analysis of Complaint

While congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). In response to this concern, Congress authorized federal courts to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. §1915(e)(2). Accordingly, federal courts now conduct a *sua sponte* review of an *in forma pauperis* complaint pursuant to § 1915 to determine if the complaint can withstand scrutiny under rule 12(b)(6) of the Federal Rules of Civil Procedure.

The court may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. *See* Hall v. Bellmon, 935 F.2d 1106, 1108-09 (10th Cir. 1991). In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings that counsel drafts, but remains mindful that it must liberally construe a *pro se* litigant's complaint. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Perrin's complaint to determine if it states a viable cause of action.

Perrin seeks to assert claims under 42 U.S.C. §1981, 1983 and 1985. The basis of Perrin's complaint is unclear, however. In paragraph 1, he alleges "grand theft -- $1,090.00 against Defendants, Greyhound Bus Lines, and "Security Agents."

Paragraph 2 of the complaint states:

Counsel alleges theft of some $90.00 in the form of a Greyhound bus ticket, Santa Fe Greyhound, e.i. [sic] Mark Hendel, c/o The Billings Gazette, Billings, Montana. (Mr. Hendel is an outdoor columnist there in Billings, Mt.). The Gazette is a local

(the newspaper) daily there . . . .

The reference to the <u>Billings Gazette</u> or the editor is unclear, as is the reference to the columnist Hendel and his relationship, if any, to the Greyhound bus ticket.

Perrin next alleges "theft of some $1,000.00 in clothing and a duffel bag, blue, bright blue, in color, full of clothes on or about March 2, 2004, and, an additional $15.00 in "security locker fees." The jurisdictional claim, paragraph 5 of the complaint, states "Counsel demands relief under the Civil Rights Acts, and articles in the U.S. Code, Title 42, Sec. 1981-85, and 2004."

Affording Perrin's complaint liberal construction, it appears that Perrin lost or had his bus ticket stolen, as well as a duffel bag containing clothing. However, even accepting those allegations as true, they fail to state an actionable claim under either 42 U.S.C. § 1981 or 42 U.S.C. § 1985.

### **Section 1981**

The elements for a § 1981 claim are set out in <u>Hampton v. Dillard Depart. Stores, Inc.</u>, 247 F.3d 1091, 1101-02 (10th Cir. 2001), *cert. denied*, 534 U.S. 1131 (2003), in which the United States Court of Appeals for the Tenth Circuit indicated that, for a plaintiff to make a *prima facie* showing of discrimination under § 1981, the plaintiff must show: (i) that the plaintiff is a member of a protected class; (ii) that the defendant had the intent to discriminate on the basis of race; and (iii) that the discrimination interfered with a protected activity as defined in § 1981. *See* <u>Reynolds v. School Dist. No. 1, Denver, Colorado</u>, 69 F.3d 1523, 1532 (10th Cir. 1995)("Section 1981 prohibits racial discrimination in the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.")(*quoting* 42 U.S.C. § 1981). Perrin's complaint fails to state a cause of action under § 1981 because he fails to allege any of this claim's requisite elements.

### Section 1983

To the extent Perrin seeks to assert a § 1983 claim, his efforts also fail. To state a claim under 42 U.S.C. § 1983, a plaintiff must assert that a state or local officer acting under color of state law violated a constitutional or other federally protected right. See Montgomery v. City of Ardmore, ___ F.3d ___, 2004 WL 902321 at *6 (10th Cir. Apr. 28, 2004); Mimics, Inc. v. Village of Angel Fire, 277 F. Supp. 1131, 1140 n.6 (D.N.M. 2003). Perrin does not identify any constitutional or federal right that was violated; he does not identify any state actor who deprived him of the right; nor does he identify any action taken under color of state law. Thus, his claim is not actionable under §1983.

### Section 1985

Congress developed § 1985 as part of the Ku Klux Klan Act to prevent conspiracies by two or more individuals who sought to prevent persons holding public office from performing their duties by force, intimidation, or threats. See Silkwood v. Kerr-McGee Corp., 460 F. Supp. 399, 409 (W.D. Okla. 1978), aff'd, 637 F.2d 743 (1980), cert. denied, 454 U.S. 833 (1981). Section 1985 prohibits two or more persons from conspiring "for the purpose of depriving, either directly or indirectly, any person . . . ." 42 U.S.C. § 1985(3). To state a claim under § 1985, the plaintiff must show these elements: (i) a conspiracy motivated by racially discriminatory animus; (ii) to deprive the plaintiff of equal protection of the Constitution or laws; (iii) an act in furtherance of the conspiracy; and (iv) a deprivation of rights resulting therefrom. See Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

A § 1985 claim may also be used when two or more persons conspire to obstruct justice relating to court proceedings. For example, a § 1985 claim may lie where there is a conspiracy to

-4-

prevent witnesses from testifying in a court proceeding or where there is an attempt to intimidate a petit or grand juror from hearing a particular presentation. Perrin's complaint does not relate to the elements of a § 1985 claim. Perrin, therefore, has not successfully pled a § 1985 claim.

The Court finds that Perrin's complaint does not withstand scrutiny under rule 12(b)(6). He fails to state an actionable claim under §§ 1981, 1983, or 1985. The Court will dismiss Perrin's complaint without prejudice.

**IT IS THEREFORE ORDERED** that Perrin is granted *in forma pauperis* status; the complaint is accepted for filing; and Perrin's claims are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE